# IN THE COURT OF APPEALS OF IOWA

No. 19-2068
Filed February 5, 2020

**IN THE INTEREST OF N.P.,**
**Minor Child,**

**K.P., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Clinton County, Mark Fowler, Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

Jennifer Triner Olsen, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

J. David Zimmerman, Clinton, attorney and guardian ad litem for minor child.

Considered by Bower, C.J., and Greer and Ahlers, JJ.

**BOWER, Chief Judge.**

A mother appeals the termination of her parental rights pursuant to Iowa Code section 232.116(1)(d), (h), and (*l*) (2019).[1]  She does not contest that grounds for termination exist.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating that if a parent does not dispute a ground for termination, we need not evaluate if that ground exists).  However, the mother contends termination is not in the best interests of the child.  *See* Iowa Code § 232.116(2).  Upon our de novo review, *see P.L.*, 778 N.W.2d at 40, we conclude termination of the mother's parental rights to N.P. is in the best interests of the child.  We therefore affirm.

The mother has long abused illegal substances, has unresolved mental-health issues, and is unemployed.  N.P. was born in November 2018 with methamphetamine in her system.  During the juvenile court proceedings, the mother was unsuccessfully discharged from two inpatient-treatment programs.  She last reported using methamphetamine on August 16, 2019, and entered a third inpatient-treatment program on August 20.

"In considering whether to terminate the rights of a parent . . ., the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  Iowa Code § 232.116(2).  At the time of the termination hearing, the mother had three children by three fathers.  The two oldest (N.P., born 2006, and T.Z., born 2010) had been cared for by their maternal grandmother and her husband for much of their lives.  Following

---

[1] The father's rights were also terminated.  He does not appeal.

the birth of younger N.P. in November 2018, the two older children were voluntarily placed in the grandmother's care with services being offered by the department of human services (DHS). Upon discharge from the hospital, the younger N.P. was placed in foster care, where she has remained throughout these proceedings. The children were adjudicated children in need of assistance (CINA) in February 2019.

At the time of the October 2019 termination-of-parental-rights trial, the mother remained in the inpatient program and claimed fifty-five days of sobriety. She was pregnant with her fourth child. The mother questions how termination can be proper with respect to the younger N.P. but not her older two children. The mother argues that if termination is not in the best interests of the oldest children, it is not in the younger N.P.'s best interests. Because the children are not all situated similarly, the best-interests analysis differs.

The older children were ages thirteen and just shy of nine at the time of the termination hearing. The older children were somewhat able to self-protect and communicate if they needed assistance. They were in school and had school resources available to them. And, the older children were in the care of their grandmother. On October 7, the court-appointed special advocate (CASA) for the older two children wrote to the court:

> Both [T.Z.] and [the older N.P.] are adequately being taken care of by their grandparents, who love them and can provide life's necessities for them. Grandma . . . is a hard-working woman who tries her best to take care of her grandchildren in addition to her adult children, some of whom also live with her and her husband. The children are in a familiar setting with a somewhat regular routine.
> . . . .
> I am frustrated by the lack of discipline, guidance, nurturing and positive influences these children have received thus far in their lives, but do not believe moving them to another living situation would be any better. They are in familiar and comfortable (for them)

circumstances and would not have come to the attention of DHS had their mother not given birth to a baby.

The CASA agreed with DHS's suggestion concerning the older children that permanency be delayed one month in order to determine if the mother would complete her course of treatment.

N.P., on the other hand, was less than a year old and completely dependent upon others. N.P. had been with a foster family her entire life and was well-integrated into that home. The statutory time limit for termination of parental rights is shorter for children three years of age or younger. *Compare id.* § 232.116(1)(h) (providing for termination if child adjudicated CINA is three years of age or younger and has been out of parent's custody for six of last twelve months or last six consecutive months), *with id.* § 232.116(1)(f) (providing for termination if child adjudicated CINA is four year of age or older has been out of parent's custody for twelve of last eighteen months or last twelve consecutive months). Once the statutory time limit has passed, we are to view permanency for the child with a sense of urgency. *In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). DHS's October 2 case plan states in part:

> [The mother] needs to stay vested in the High Tower program and continue to remain clean and sober. She needs to be able to show that she can stay clean and sober longer than just a short term. With that being said, [N.P.] should not have to wait any longer for [the mother] to be able to show that she can accomplish this. [The mother], as stated in the report has had numerous opportunities to complete a substance abuse program and show that she can remain clean and sober. While [the mother] does a good job with parenting [N.P.], and when she is in treatment shows she can meet her needs, there needs to be permanency for [N.P.] [DHS] is not recommending an extension for [the mother], despite her being in treatment, as there would need to be an extended time added on this case in regards to [N.P.] and we are well past permanency for this child.

The mother asserts she "was a 'late case plan bloomer,' but she has 'bloomed' in the last [fifty-five] days prior to the termination hearing." We hope the mother has indeed decided to pursue sobriety consistently and can be available to parent her two older children and soon-to-arrive infant. However, with respect to N.P., we agree with the juvenile court that termination and adoption will best provide stability and permanency. *See In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (identifying a child's safety and need for permanency as the "defining elements" under the best-interests determination). We affirm.

**AFFIRMED.**